DOMINION RADIO SUPPLY, INC. D/B/A AUDIO EXPRESS, PLAINTIFF V.
CHRISTOPHER COLCLOUGH, DEFENDANT

No. COA11-811

(Filed 17 January 2012)

**Damages and Remedies—special probation—restitution—tolling of statute of limitations**

   The trial court erred by granting summary judgment in favor of defendant on plaintiff's claim seeking restitution in a case where defendant was not convicted of embezzlement, but placed on special probation and required to pay restitution. N.C.G.S. § 1-15.1 was tolled during the one year in which the agreement and order to defer prosecution was in effect.

Appeal by plaintiff from order entered 10 March 2011 by Judge Jane P. Gray in Wake County District Court. Heard in the Court of Appeals 14 November 2011.

*Jay B. Green, attorney for plaintiff.*

*No brief filed by defendant.*

ELMORE, Judge.

Dominion Radio Supply, Inc. D/B/A Audio Express (plaintiff) appeals from an order granting summary judgment in favor of Christopher Colclough (defendant). After careful consideration, we reverse the decision of the trial court.

Defendant was an employee of plaintiff from May 2005 until July 2005. Around this time, plaintiff noticed that funds and products were being taken without permission. Durham County law enforcement officers conducted an investigation, and defendant was arrested and charged with embezzlement. On 22 February 2006, the Durham County District Court entered a Motion/Agreement and Order to Defer Prosecution for the embezzlement charge. The order placed defendant on supervised probation for eighteen months. The order also required defendant to abide by special conditions, including the requirements to: 1) complete a TATC drug treatment program, 2) complete fifty hours of community service, 3) and pay restitution to plaintiff in the amount of $8,325.86.

On 1 November 2006, defendant was found to be non-compliant with the deferred prosecution order, because he 1) failed to pay any of the money owed, 2) failed to complete community service, and 3) tested positive for cocaine and opiates. Defendant's case then returned to the trial court. On 26 June 2007, defendant pled guilty to misdemeanor larceny for money taken from plaintiff. Defendant received a suspended sentence and supervised probation for eighteen months. Defendant's new probation did not include an obligation to pay restitution to plaintiff.

In March 2007, plaintiff discovered 1) that defendant had not complied with the terms of the deferred prosecution order, 2) that defendant pled guilty to misdemeanor larceny, and 3) that defendant's new probation did not include an order to pay restitution. On 15 June 2010, plaintiff filed a complaint seeking payment from defendant in the amount of $8,325.86 with interest. On 2 August 2010, defendant filed an answer, claiming that plaintiff's claim was barred by a three year statute of limitations, and requesting that the complaint be dismissed with prejudice. Then, on 20 January 2011 defendant filed a motion for summary judgment. On 10 March 2011, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's complaint. Plaintiff now appeals.

Plaintiff's primary argument on appeal is that the applicable statute of limitations for its claim was tolled during the one year in

which the Motion/Agreement and Order to Defer Prosecution was in effect, pursuant to N.C. Gen Stat. § 1-15.1. We agree.

Here, defendant was ordered to pay restitution as a condition of his probation pursuant to a Motion/Agreement and Order to Defer Prosecution. That order delayed prosecution of defendant for the crime of embezzlement. Thus, defendant was not convicted of the crime. However, defendant was placed on eighteen months' probation and ordered, among other things, to pay restitution to plaintiff as a condition of his probation. Therefore, the facts before this Court establish that 1) defendant was not convicted of embezzlement but 2) defendant was placed on special probation, and required to pay restitution.

Our General Statutes establish that "if a defendant is convicted of a criminal offense and is ordered by the court to pay restitution or restitution is imposed as a condition of probation, special probation, work release, or parole, then all applicable statutes of limitation and statutes of repose, except as established herein, are tolled[.]" N.C. Gen. Stat. § 1-15.1(a) (2009). Plaintiff argues that this section of the statute should be read to mean that the statute of limitations is tolled 1) if defendant is convicted of a crime and ordered to pay restitution or 2) if defendant is ordered to pay restitution as a condition of special probation. We note that plaintiff's suggested interpretation of the word "or" in the statute essentially establishes two categories for tolling the statute of limitations: 1) when defendant is convicted and 2) when defendant is not convicted, but otherwise placed on probation. Likewise, we also note that the other logical manner in which to interpret the word "or" in the statute would be to mean that the statute of limitations is tolled when defendant is convicted and 1) ordered to pay restitution as part of his conviction or 2) ordered to pay restitution as a condition of probation associated with his conviction. By this interpretation, the statute would only toll the statute of limitations if the defendant was in fact convicted of the crime. Thus, we are faced with two possible interpretations of the same statute, and we must decide which interpretation is accurate. In essence, we must decide whether the statute only applies when a defendant is actually convicted of the crime.

> When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein. If a statute is unclear or ambiguous, however, courts

must resort to statutory construction to determine legislative will and the evil the legislature intended the statute to suppress.

*State v. Jackson*, 353 N.C. 495, 501, 546 S.E.2d 570, 574 (2001) (quotations and citations omitted). Here, we conclude that the language of N.C. Gen. Stat. § 1-15.1 is ambiguous, or at the very least it lends itself to more than one interpretation. Accordingly, we will examine the legislative intent in enacting the statute.

The legislative intent in enacting § 1-15.1 has been codified in our General Statutes in N.C. Gen. Stat. § 15B-30. *See* 2004 N.C. Sess. Laws 159, § 3. That statute states in part that "[t]he General Assembly finds that the State has a compelling interest in ensuring that . . . victims of crime are compensated by those who have harmed them." N.C. Gen. Stat. § 15B-30 (2009). Furthermore, it states that "[n]o person who commits a crime should thereafter gain monetary profit as the result of committing the crime." N.C. Gen. Stat. § 15B-30(1) (2009).

It is clear from this language that the legislature intended to enact N.C. Gen. Stat. § 1-15.1 as a way to ensure that victims of crimes are actually compensated. Thus, we conclude that the legislature intended to provide victims with extra time to file suit against a defendant if he failed to pay restitution, by tolling the statute of limitations for the period of time that a defendant was under an obligation to pay restitution.

Here, defendant was obligated to pay restitution to plaintiff as a condition of his probation pursuant to the Motion/Agreement and Order to Defer Prosecution. That order was in place from 22 February 2006 until 26 June 2007, when defendant was found to be non-compliant, and he pled guilty to a lesser offense of misdemeanor larceny. Defendant has never paid any money to plaintiff as restitution. The trial court has determined that N.C. Gen. Stat. § 1-15.1 did not apply to plaintiff's claim, because defendant was not actually convicted of embezzlement. Since defendant has never paid any money to plaintiff, if this Court were to affirm the order of the trial court, defendant will have gained monetary profit as the result of committing a crime. We find that such an outcome would be in direct contradiction to the legislative intent in enacting N.C. Gen. Stat. § 1-15.1. Thus, we conclude that N.C. Gen. Stat. § 1-15.1 does apply to plaintiff's claim. Accordingly, the applicable statute of limitations for plaintiff's claim was tolled by this section during the months in which the Motion/Agreement and Order to Defer Prosecution was in effect. We

DOMINION RADIO SUPPLY, INC. V. COLCLOUGH

[218 N.C. App. 193 (2012)]

reverse the order of the trial court, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MARTIN and Judge STEPHENS concur.

## CASES REPORTED WITHOUT PUBLISHED OPINIONS

### (FILED 17 JANUARY 2012)

| | | |
|---|---|---|
| APAC-ATLANTIC, INC. v. FIREMENS INS. CO. No. 11-541 | Scotland (08CVS792) | Reversed |
| CALIBER BUILDERS, LLC v. WASTE WATER SYS. OF N.C., INC. No. 11-652 | Wake (08CVS14365) (09CVS25419) | Reversed and Remanded |
| CHARNOFF v. CALDER No. 11-777 | New Hanover (0CVS1586) | Affirmed |
| FEDERATED FIN. CORP. OF AM. v. JENKINS No. 11-654 | Wake (09CVS2084) | Affirmed |
| IN RE C.D. No. 11-763 | Mecklenburg (10JA234) | Affirmed |
| IN RE C.L.R. No. 11-1195 | Haywood (09JT33) | Affirmed |
| IN RE F.T. No. 11-851 | Wake (10JA202) | Affirmed |
| IN RE G.C. No. 11-705 | Orange (10JA95) | Affirmed in part and Reversed in part. |
| IN RE J.M. No. 11-823 | Buncombe (10JA360) | Affirmed |
| IN RE J.S.S. No. 11-1038 | Chatham (10JT43) | Affirmed |
| IN RE K.M.M. No. 11-943 | Stokes (09JT75-76) | Affirmed |
| IN RE K.S. No. 11-719 | Vance (08JA109) | Affirmed |
| IN RE L.M.R. No. 11-975 | Haywood (09JT31-32) | Affirmed |
| IN RE M.D.B. No. 11-1001 | Richmond (10J103) (10J104) | Affirmed |
| IN RE RICHARDSON No. 11-616 | Wake (10SPC4210) | Affirmed remanded for correction of order |

| IN RE S.R.<br>No. 11-1109 | Burke<br>(08J186-187) | Affirmed |
|---|---|---|
| IN RE S.S.<br>No. 11-644 | Forsyth<br>(96J69) | Affirmed |
| KNOWLES v. WACKENHUT<br>CORP.<br>No. 11-716 | Indus. Comm.<br>(029574) | Affirmed in part;<br>reversed and<br>remanded in part |
| KRAUS v. WELLS FARGO<br>SEC., LLC<br>No. 11-687 | Mecklenburg<br>(10CVS22122) | Affirmed |
| MATTHEWS v. CMTY.<br>NEWSPAPERS, INC.<br>No. 11-912 | Cherokee<br>(10CVS561) | Reversed |
| MOOSE v. WATKINS<br>No. 11-759 | Indus. Comm.<br>(804798)<br>(PH1959) | Affirmed |
| NIX v. NIX<br>No. 11-743 | New Hanover<br>(10CVD5646) | Affirmed in Part,<br>Reversed in<br>Part and Remanded |
| ORBAN v. WILKIE<br>No. 11-678 | Gaston ·<br>(11CVS222) | Affirmed |
| ORBAN v. WILKIE<br>No. 11-901 | Gaston<br>(11CVS222) | Affirmed |
| REASONER v. REASONER<br>No. 11-755 Dismissed | Cabarrus<br>(10CVD1784) | Dismissed |
| SHUMAKER v. WAKE FOREST<br>UNIV. BAPTIST<br>MED. CTR.<br>No. 11-598 | Forsyth<br>(10CVS7611) | Reverse |
| SOLOMON v. N.C. STATE VETERANS<br>NURSING HOME-FAYETTEVILLE<br>No. 11-571 | Indus. Comm.<br>(930794) | Affirmed in Part,<br>Remanded in<br>Part |
| STATE v. BARBER<br>No. 11-695 | Wake<br>(09CRS11916) | No Error |
| STATE v. CALDWELL<br>No. 11-1068 | Mecklenburg<br>(08CRS252426)<br>(08CRS252429) | No Error |
| STATE v. COLEMAN<br>No. 11-486 | Mecklenburg<br>(09CRS211845)<br>(09CRS21239) | No Error |

| STATE v. DANIELS No. 11-825 | Wake (09CRS33746-49) (09CRS33839-42) (09CRS33844) (09CRS33917) | No Error |
|---|---|---|
| STATE v. DAVIS No. 11-412 | Mecklenburg (10CRS19240) (10CRS206456) (10CRS206459) | No Error |
| STATE v. FRAZIER No. 11-653 | Nash (09CRS54263) (09CRS54281) (09CRS54283-85) | No Error |
| STATE v. GOLDSTON No. 11-636 | Wake (07CRS67090) (07CRS67781) | No Error |
| STATE v. JONES No. 11-287 | Gaston (09CRS62874-75) | New Trial |
| STATE v. KHAN No. 11-368 | Wake (08CRS85094) (10CRS652) | Affirmed, in part, vacated and remanded' in part |
| STATE v. LEWIS No. 11-672 | Wake (07CRS84527) | Affirmed |
| STATE v. LUKER No. 11-699 | Jackson (09CRS51335) (09CRS851) | No Error |
| STATE v. MERRITT No. 11-660 | Cumberland (10CRS17094-98) | Affirmed |
| STATE v. MONTGOMERY No. 11-838 | Wake (09CRS206901) | No Error |
| STATE v. MURPHY No. 11-778 | Nash (10CRS7108) | Dismissed |
| STATE v. OAKES No. 11-979 | Forsyth (10CRS8692) (99CRS49353) | No prejudicial error |
| STATE v. PANECKA No. 11-664 | Cumberland (09CRS16623-24) (09CRS54371-72) (09CRS54377) | Dismissed in· part; affirmed in part |
| STATE v. PARKER No. 11-736 | Wake (05CRS27921) (08CRS21285) | Affirmed |

| | | |
|---|---|---|
| STATE v. PAYSEUR<br>No. 11-692 | Gaston<br>(10CRS51643)<br>(10CRS51644)<br>(10CRS51797) | No error in part;<br>vacated and part |
| STATE v. PEGUES<br>No. 11-530 | Mecklenburg<br>(09CRS201806)<br>(09CRS201817-18) | No Error |
| STATE v. RAEWKIN<br>No. 11-680 | Lincoln<br>(06CRS52635)<br>(07CRS3058) | No Error |
| STATE v. SIMPSON<br>No. 11-762 | Forsyth<br>(10CRS55627) | No Error |
| STATE v. SISK<br>No. 11-741 | Cleveland<br>(10CRS1842)<br>(10CRS52244) | No Error |
| STATE v. THOMAS<br>No. 11-819 | Hertford<br>(07CRS3544-46) | No Error |
| STATE v. WELLS<br>No. 11-909 | Mecklenburg<br>(10CRS217769)<br>(10CRS217771) | No Error |
| STATE v. WHITE<br>No. 11-558 | Perquimans<br>(08CRS50112)<br>(08CRS50113) | No Error |
| STATE v. WHITE<br>No. 11-656 | Catawba<br>(08CRS50884)<br>(09CRS4322) | No error at trial;<br>remand for correction<br>of clerical errors in<br>judgment |
| STATE v. WILSON<br>No. 11-605 | Guilford<br>(09CRS23298)<br>(09CRS89562)<br>(09CRS90055) | No Error |
| STATE v. YOUNG<br>No. 11-488 | Wayne<br>(08CRS54255) | No Error |
| WACHOVIA BANK OF<br>    DELAWARE, N.A. v. ASKEW<br>No. 11-1039 | Lenoir<br>(07CVS1902) | Dismissed |
| WAYNE HOOD CONSTR., INC.<br>    v. HENNESSEY<br>No. 11-771 | Mecklenburg<br>(10CVS22900) | Dismissed |